IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

RANDI REEDER-KANGAIL,

        Plaintiff,

    v.

INTERNATIONAL BUSINESS MACHINES
CORP.,

        Defendant.

Civil No. 02-1180-AS

OPINION AND
ORDER

---

Richard C. Busse
Matthew B. Duckworth
Busse & Hunt
521 American Bank Building
621 S.W. Morrison Street
Portland, Oregon 97205
    Attorneys for plaintiff

Calvin L. Keith
David P.R. Symes
Bethany C. Graham
Perkins Coie
1120 N.W. Couch Street, 10th Floor
Portland, Oregon 97209-4128
    Attorneys for defendant

1 – OPINION AND ORDER

HAGGERTY, Chief Judge:

In his Findings and Recommendation (Doc. #48), Magistrate Judge Ashmanskas recommended granting in part and denying in part defendant's Motion for Summary Judgment. The matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). For the following reasons, the court adopts in part and declines to adopt in part the Findings and Recommendation.

## BACKGROUND

The facts and subject matter of this case are described in the Findings and Recommendation and need not be repeated here in detail. Briefly, plaintiff worked for defendant in various capacities from 1978 through 2002. In April 2001, plaintiff became a sales specialist in defendant's Software Best Practices (SWBP) group. Plaintiff received forty percent of her salary in the form of incentive pay.

Roughly one month after plaintiff's transfer to the SWBP group, plaintiff informed defendant that she had been diagnosed with a cyst in her spinal canal. On August 28, 2001, the cyst was removed surgically, and plaintiff took paid medical leave through October 2001. On October 22, 2001, plaintiff's physician authorized plaintiff to return to work with no medical restrictions. Within two weeks of surgery plaintiff was able to swim and attend yoga classes twice per week, as well as go on extended walks two or three times per week

The relevant issues for purposes of this motion concern two employment actions taken by defendant following plaintiff's return from surgery. First, in January 2002, plaintiff's supervisors reduced plaintiff's claim for incentive pay for the third and fourth quarters of 2001 by one-third. Second, in

2 – OPINION AND ORDER

April 2002 members of defendant's senior management team audited the SWBP group and reduced plaintiff's final 2001 incentive pay from $323,111 to $78,694.

## STANDARDS

Upon referral of the findings and recommendation, this court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. Assuming that there has been sufficient time for discovery, summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533

3 – OPINION AND ORDER

F.2d 429, 432 (9th Cir. 1976).  The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Valadingham v. Bojorquez*, 886 F.2d 1135, 1137 (9th Cir. 1989).  Where different ultimate inferences may be drawn, summary judgment is inappropriate.  *Sankovich v. Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

The issue of material fact required by Rule 56 need not be resolved conclusively in favor of the party asserting its existence; sufficient evidence supporting the claimed factual dispute requires a jury or judge to resolve the parties' differing versions of the truth at trial.  *Id*.  At this stage of the litigation, the judge does not weigh conflicting evidence or make credibility determinations.  These determinations are the province of the factfinder at trial.  *Id.*; *see also Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 410 (9th Cir. 1996) (on a motion for summary judgment, the court is not to weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial).

Deference to the non-moving party does have some limit.  The non-moving party "must set forth specific facts showing that there is a *genuine* issue for trial.  Fed. R. Civ. P. 56(e) (emphasis added). The "mere existence of a scintilla of evidence in support of the plaintiff's position would be insufficient." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986).  Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendant challenges three aspects of the Findings and Recommendation.  Specifically, defendant objects to the Magistrate Judge's recommendation to deny defendant's Motion for Summary Judgment on plaintiff's claims for: (1) disability discrimination; (2) negligent infliction of emotional

4 – OPINION AND ORDER

distress; and (3) reckless misrepresentation.  The court will consider these portions of the "findings or recommendations to which objection [has been] made."  28 U.S.C. § 636(b)(1)(C).

## A. Disability Discrimination

Plaintiff's third claim for relief alleges that defendant reduced her incentive pay "in January 2002 in substantial part because of disability, and/or because it perceived her to be a disabled person on account of her record and medical history of a physical impairment to her back requiring surgery."  Am. Comp. ¶ 25.

The Americans with Disabilities Act (ADA) prohibits covered employers from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  A "qualified individual with a disability" is identified as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).

The standard for establishing a prima facie case under the ADA is the same as under the analogous Oregon statute.  *See Wheeler v. Marathon Printing, Inc.*, 974 P.2d 207, 213 n.6 (Or. App. 1998) (noting that the Oregon statutory scheme regarding workplace discrimination against disabled persons "contain[s] language significantly similar to the ADA"); *Henderson v. Jantzen, Inc.*, 719 P.2d 1322, 1323-24 (Or. App. 1986)); *see also* O.R.S. § 659A.139 ("ORS 659A.112 to 659A.139 shall be construed to the extent possible in a manner that is consistent with any similar provisions of the federal Americans with Disabilities Act of 1990, as amended.").  Accordingly, unless

5 – OPINION AND ORDER

otherwise noted, this court will interpret O.R.S. § 659A.112 through 659A.139 consistent with the ADA.

As noted above, the ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability . . . ." 42 U.S.C. § 12112(a). In order to enjoy the protections of the ADA, therefore, an employee must first show that he or she is "disabled" under the Act.

Under 42 U.S.C. § 12102(2), a person is considered disabled if he or she: (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 476-78 (1999); *see also* O.R.S. § 659A.100(1).

"Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); *see also* O.R.S. § 659A.100(2)(a). "Substantially limited" refers to the inability to perform a major life activity as compared to the average person in the general population or a significant restriction "as to the condition, manner or duration" under which an individual can perform the particular activity. 29 C.F.R. § 1630.2(j)(1)(i)-(ii); *see also Thompson v. Holy Family Hosp.*, 121 F.3d 537, 539-40 (9th Cir. 1997).

Three factors are to be considered in determining whether an individual is substantially limited in a major life activity: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long-term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2).

6 – OPINION AND ORDER

Defendant challenges the underlying finding that plaintiff was a qualified individual with a disability as of January 2002, when plaintiff's supervisors reduced her incentive pay for the third and fourth quarters of 2001. An employee first must show that he or she is "disabled" within the meaning the ADA. Plaintiff contends that as of January 2002, she was regarded as having or in fact did have "a physical or mental impairment that substantially limit[ed] one or more of [her] major life activities . . . ." 42 U.S.C. § 12102(2)(A).

In support of her claim that she was disabled or perceived as disabled, plaintiff states that as of March 2002, she was experiencing daily headaches, constant fatigue, diminished sleep, depression, and could not stand for more than thirty to sixty minutes at a time. Reeder-Kangail Aff. ¶ 8. These symptoms, however, have no bearing on the question as to whether plaintiff was disabled as of January 2002–the time of the adverse employment action alleged in the third claim for relief.

Plaintiff argues that a reasonable factfinder could infer that because plaintiff was experiencing severe symptoms in March 2002, she was probably experiencing those symptoms two months earlier as well. However, plaintiff has submitted no medical opinion or other evidence from which a factfinder could infer that a patient with plaintiff's symptoms as of March 2002 would also experience those symptoms in January 2002. Without a basis for drawing such a conclusion, the inference would be unreasonable. As the non-moving party on the summary judgment motion, plaintiff is entitled to all *reasonable* inferences that can be drawn from the record. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). It is unreasonable to infer that plaintiff's physical condition in March 2002 was substantially similar to her condition in January 2002 without any evidentiary basis for drawing such an inference. Accordingly, plaintiff's affidavit describing her condition as of March 2002

7 – OPINION AND ORDER

does not create a genuine issue of material fact as to whether she was disabled at the time of the adverse employment action.

Given the irrelevancy of plaintiff's symptoms as of March 2002, the court will consider evidence of plaintiff's alleged disability as it existed at the time of and prior to the adverse employment action in January 2002. Prior to plaintiff's surgery in August 2001, plaintiff informed defendant that she was in severe pain, was strongly considering surgery, and hoped that the surgery would cure her symptoms. Following surgery, plaintiff received two months paid leave and returned to work without restrictions. Although plaintiff testifies that she continued to suffer "severe pain" and a "lack of flexibility" following her surgery, she does not offer evidence showing that these symptoms limited any major life activity during the relevant time period. Reeder-Kangail Dep. at 83-84. From the time of plaintiff's return to work in October 2001 to the adverse employment action in January 2002, plaintiff presents no evidence indicating that the severity, duration, or long term impact of the impairment were such that plaintiff was disabled within the meaning of the ADA. *See* 29 C.F.R. § 1630.2(j)(2).

Likewise, plaintiff fails to submit sufficient evidence to create a genuine issue of material fact as to whether defendant regarded her as disabled. Plaintiff submits the June 2001 notes of a nurse affiliated with defendant who spoke with plaintiff's manager about plaintiff's back condition prior to plaintiff's request to take medical leave. The manager allegedly asked the nurse "what to do" because plaintiff's back condition prevented her from working full time and because plaintiff was unable to travel extensively. Far from suggesting that defendant regarded plaintiff as disabled, the evidence shows only that defendant was aware of plaintiff's back condition prior to the surgery.

Plaintiff contends that defendant regarded her as disabled because the nurse's notes suggest that

plaintiff's manager erroneously believed that plaintiff could work only "half the time." However, the inaccuracy, if any, in the manager's statement that plaintiff could work only a half-time schedule does not suggest that defendant regarded plaintiff as disabled. In fact, the manager's observation was largely accurate, as evidenced by the fact that plaintiff sent an e-mail prior to her surgery stating that she had not been able to work full time and was looking forward to "re-engaging" once her condition had been resolved. E-mail from Randi Reeder-Kangail to Catherine Gronfield (June 8, 2001).

The remainder of the evidence plaintiff offers to prove that defendant regarded her as disabled occurred following the January 2002 employment decision. Although a factfinder could infer a discriminatory intent from an employer's expression of discriminatory animus after an adverse employment action, plaintiff fails to make even an inferential showing that defendant regarded her as disabled when the adverse employment action was taken in January 2002.

Finally, plaintiff requests leave to submit a supplemental affidavit stating that her physical condition in January 2002 was similar to her physical condition in March 2002. Although not a "final judgment or order," the Magistrate Judge's recommendation on defendant's summary judgment motion is of a dispositive nature. Accordingly, the court finds that Federal Rule of Civil Procedure 60(b) is instructive in determining whether to allow plaintiff to submit additional evidence of her disability after a summary judgment motion has been fully briefed and the Magistrate Judge has issued a recommendation. Rule 60(b) allows relief from a final order, among other reasons, if there exists new evidence "which by due diligence could not have been discovered" earlier by the moving party. Fed. R. Civ. P. 60(b). Plaintiff fails to demonstrate how she was previously unable to submit evidence of her condition as of January 2002. Allowing parties to submit additional evidence in anticipation of an

9 – OPINION AND ORDER

adverse ruling after a dispositive motion has been fully briefed and a recommendation has been issued would undermine the efficient resolution of disputes and the finality of this court's orders. Accordingly, plaintiff's motion to submit a supplemental affidavit regarding her physical limitations as of January 2002 is denied.

For the foregoing reasons, the court declines to adopt the Magistrate Judge's recommendation regarding plaintiff's third claim for relief. Summary judgment is granted in defendant's favor on that claim.

**B. Negligent Infliction of Severe Emotional Distress**

In the unchallenged portions of the Findings and Recommendation, the Magistrate Judge recommended dismissing plaintiff's claims for reckless and intentional infliction of emotional distress. However, defendant challenges the portion of the Findings and Recommendation in which the Magistrate Judge recommended denying defendant's summary judgment motion on plaintiff's eighteenth claim for relief for negligent infliction of emotional distress. *See* Findings and Recommendation at 35-36 (Oct. 30, 2003).

As a general matter, Oregon law authorizes recovery for the negligent infliction of emotional distress only if a plaintiff has suffered accompanying physical injuries. *Chouinard v. Health Ventures*, 39 P.3d 951, 954-55 (Or. App. 2002). Notwithstanding this rule, plaintiff contends that her claim falls within one of the exceptions to the physical injury requirement because defendant allegedly deprived her of a "legally protected interest." *Hammond v. Cent. Lane Communications Ctr.*, 816 P.2d 593, 596 (Or. 1991). Specifically, plaintiff alleges that she holds a legally protected interest in being free from disability and wage-based discrimination in the workplace. Am. Comp. ¶ 81. Plaintiff claims that she is

10 – OPINION AND ORDER

entitled to recovery on this claim because defendant violated these legally protected interests, causing her severe emotional distress. Am. Comp. ¶ 84.

As explained above, plaintiff's disability-related claims are dismissed. Therefore, the court will consider whether plaintiff's wage-based claims, O.R.S. §§ 652.120, 652.140, establish a legally protected interest upon which a claim for negligent infliction of emotional distress can be based. "[T]he term 'legally protected interest' refers to an independent basis of liability separate from the general duty to avoid foreseeable risk of harm," *Phillips v. Lincoln County Sch. Dist.,* 984 P.2d 947, 949 (Or. App. 1999). Because "emotional distress damages cannot arise from infringement of *every* kind of legally protected interest" the court must determine whether the interests at issue here are "of sufficient importance as a matter of public policy to merit protection from emotional impact." *Lockett v. Hill*, 51 P.3d 5, 7 (Or. App. 2002) (emphasis added) (quoting *Hilt v. Bernstein,* 707 P.2d 88 (Or. App. 1985)).

Plaintiff fails to explain as a policy matter why her statutory claim for wage discrimination should concurrently serve as a basis for her claim for negligent infliction of emotional distress. Without such a policy-based justification, the court declines to extend the tort to the particular facts of this case. Accordingly, the court declines to adopt the Findings and Recommendation regarding plaintiff's claim for negligent infliction of emotional distress. Summary judgment is granted in defendant's favor on the eighteenth claim for relief.

**C. Intentional and Reckless Misrepresentation**

In her fourteenth and fifteenth claims for relief plaintiff seeks recovery for the misrepresentations defendant allegedly made regarding plaintiff's separation from employment. Plaintiff bears the burden of

11 – OPINION AND ORDER

proving the following elements for the misrepresentation claims: (1) a representation was made; (2) it was false; (3) it was material; (4) defendant knew of the falsity of the statement or acted recklessly regarding the truth of the representation; (5) defendant intended to induce reliance; (6) plaintiff lacked knowledge of the truth; (7) plaintiff relied on the representation; (8) the reliance was reasonable; and (9) plaintiff sustained damages. *Conzelmann v. Northwest Poultry & Dairy Prod. Co.*, 225 P.2d 757, 764 (Or. 1950).

On March 25, 2002, plaintiff's supervisor offered plaintiff a severance package on the condition that plaintiff would resign from her employment and sign a general release and covenant not to sue. Still pending at the time was plaintiff's challenge to defendant's reduction of plaintiff's 2001 incentive pay. Plaintiff requested clarification as to the relatedness of the severance agreement and the incentive pay dispute. Plaintiff's supervisor responded in writing that the incentive pay dispute was "a separate issue" from the severance agreement. Plaintiff alleges that she resigned from her employment, effective April 30, 2002, in reliance on this assurance. Am. Comp. ¶ 68. The Magistrate found a genuine issue of material fact as to whether plaintiff's supervisor had promised her that the incentive pay dispute would not be affected by the severance agreement. *See* Findings and Recommendation at 39 (Oct. 30, 2003).

Defendant claims that the Magistrate Judge's findings on this issue are erroneous because there is no evidence that defendant made any assurance to plaintiff. In response to plaintiff's inquiry regarding the severance agreement, plaintiff's supervisor wrote that the incentive pay was "a separate issue" from the severance agreement. Defendant argues that this statement is factually true and contains no assurance to plaintiff that the severance agreement would not affect the incentive pay dispute. Although

12 – OPINION AND ORDER

defendant presents a reasonable interpretation of the supervisor's "separate issue" statement, so does plaintiff. When plaintiff's supervisor stated that the incentive pay dispute was a "separate issue" from the severance agreement, plaintiff construed the statement to mean that one issue would have no effect on the other. This dispute creates a genuine issue of material fact that cannot be resolved at the summary judgment stage.

Plaintiff presents additional evidence creating a genuine issue of material fact as to whether the statement constituted a misrepresentation. Plaintiff claims that in addition to her supervisor's written assurance, the supervisor told plaintiff that the "commission payment was a separate matter from my separation from IBM, and it would be resolved separately and would not influence my separation." Reeder-Kangail Dep. at 94 (Jan. 14, 2003).

Plaintiff has also presented evidence creating a genuine issue as to whether plaintiff's supervisor made the assurance recklessly. The record indicates that at the time plaintiff's supervisor made the "separate issue" statement, the supervisor had not received any confirmation from the human resources department that the incentive pay dispute would be handled separately from the severance agreement. Viewing this evidence in the light most favorable to plaintiff, the court finds that genuine issues of material fact exist as to whether defendant misrepresented the effect plaintiff's resignation would have on the incentive pay dispute. As such, the Magistrate Judge properly denied defendant's Motion for Summary Judgment on these claims.

## CONCLUSION

For the foregoing reasons, the court adopts in part and declines to adopt in part the Magistrate Judge's Findings and Recommendation (Doc. #48). Defendant's Motion for Summary Judgment on

13 – OPINION AND ORDER

plaintiff's third and eighteenth claims for relief is granted. The court adopts the remainder of the Findings and Recommendation.

    IT IS SO ORDERED.

    DATED this __16__ day of February, 2004.

                                              /s/Ancer L.Haggerty
                                                 Ancer L. Haggerty
                                          United States District Judge